UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROBERT PRATT, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WHOLE FOOD MARKET CALIFORNIA, INC., et al.,<br><br>Defendants. | Case No. 5:12-cv-05652-EJD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE**<br><br>Re: Dkt. No. 54 |

Plaintiff Robert Pratt ("Plaintiff") bought various food products from Whole Foods[1] after reading the product labels. He later found out that those products contained a form of added sugar and were not as natural as he believed them to be. He brings this purported class action asserting violations of California's consumer protection statutes, now based on a Second Amended Complaint ("SAC"). See Docket Item No. 51. Whole Foods moves to dismiss and strike the SAC under Federal Rules of Civil Procedure 12(b)(6) and 12(f). See Docket Item No. 54. Plaintiff opposes the motion. See Docket Item No. 55.

Federal jurisdiction arises pursuant to § 1332. The court found this matter suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b) and vacated the associated hearing. Having carefully considered the parties' pleadings, the court finds Whole Foods' arguments meritorious on all issues but one. Thus, the Motion to Dismiss and Motion to Strike

---

[1] In this order, "Whole Foods" refers to all defendants: Whole Foods Market California, Inc., WFM-WO, Inc., WFM Private Label, LP, and Mrs. Gooch's Natural Foods Markets, Inc.

1

Case No.: 5:12-cv-05652-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE

will be granted in part and denied in part for the reasons explained below.

## I. BACKGROUND

Defendant Whole Foods "is the largest retailer of natural and organic foods in the United States, Canada and the United Kingdom." See SAC, at ¶ 7. According to Plaintiff, Whole Foods recognizes its customers' desire to consume a healthy diet and seeks to profit from it. Id. at ¶ 9. It therefore "actively promotes the naturalness and health benefits of its products" by making certain claims, including touting itself as "America's healthiest grocery store." Id. at ¶¶ 9, 10. Whole Foods also makes healthiness claims on the labels of its proprietary brands. Id. at ¶ 16.

In this action, Plaintiff challenges some of the representations Whole Foods made on products he purchased. First, he alleges the use of the phrases "evaporated cane juice" or "evaporated can juice solids"[2] in the ingredient list on 365 Everyday Value Organic Chicken broth, 365 Everyday Value Tomato Ketchup, 365 Everyday Value Organic Ketchup and 365 Everyday Value Apple Cinnamon Instant Oatmeal is misleading. Id. at ¶¶ 45, 46. Plaintiff believes that, by using ECJ in place of the "proper term" sugar, Whole Foods is misleading consumers by making their products appear healthier, which in turn increases the sales of those products and permits Whole Foods to charge a premium. Id. at ¶ 47. Plaintiff further contends that using ECJ in place of sugar violates the statutory requirement that ingredients on a product label be listed according to their common or usual name. Id. at ¶ 50.

Second, Plaintiff alleges that Whole Foods' inclusion of the phrase "all natural" or "naturale" on the labels for 365 Everyday Value Cola, 365 Everyday Value Ginger Ale, 365 Everyday Value Root Beer, Natural Italian Soda in green apple flavor, and Natural Italian Soda in blood orange flavor is misleading because each of these products actually contain artificial ingredients, such as coloring and chemical preservatives. Id. at ¶ 119, 127. Because a reasonable consumer would understand a "natural" label to mean the product does not contains "synthetic,

---

[2] The court will refer to both "evaporated cane juice" and "evaporated can juice solids" collectively as "ECJ."

2

Case No.: 5:12-cv-05652-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE

artificial or excessively processed ingredients," Plaintiff believes the products are misbranded and designed to induce health-conscious consumers into buying the products. Id. at ¶ 132.

Plaintiff, a consumer who "cares about the nutritional content of food and seeks to maintain a healthy diet," does not specify when he purchased each of the challenged products from Whole Foods. Instead, he generally alleges that he bought the "Purchased Products" - which is the conglomeration he uses to refer to all products - since 2008. Id. at ¶ 148. He read the label for the "Purchased Products" before deciding to buy them and relied on the labels' representations when making his decision. Id. at ¶ 149. For the products with ECJ in their ingredient lists, Plaintiff believed either that they contained only natural sugars and did not contain added sugars or syrups, that they did not contain added refined sugar, or that ECJ was a healthy ingredient. Id. at ¶ 101. For the products labeled "all natural" and "natural," Plaintiff believed they were free of artificial colors, preservatives or flavors. Id. at 151. He stopped purchasing Whole Foods' products once he realized they were falsely labeled. Id. at ¶ 153.

Plaintiff filed the original Complaint on November 2, 2012, and an Amended Complaint on May 2, 2013. See Docket Item Nos. 1, 21. On March 31, 2014, the court addressed the Amended Complaint, finding some claims sufficiently pled and dismissing other claims with leave to amend. See Docket Item No. 50. Plaintiff filed the SAC on April 14, 2014. This motion followed.

## II.   LEGAL STANDARD

### A.   Motion to Dismiss

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support

a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). Moreover, the factual allegations "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face." Twombly, 550 U.S. at 556-57.

Claims that sound in fraud are subject to a heightened pleading standard. Fed. R. Civ. Proc. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."); Swartz v. KPMG LLP, 476 F.3d 756, 765 (9th Cir. 2007) ("Rule 9(b) imposes heightened pleading requirements where 'the object of the conspiracy is fraudulent.'"). The allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985). This generally requires "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." Swartz, 476 F.3d at 764. In other words, fraud or claims asserting fraudulent conduct must generally contain more specific facts than is necessary to support other causes of action.

When deciding whether to grant a motion to dismiss, the court generally "may not consider any material beyond the pleadings." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990). However, the court may consider material submitted as part of the complaint or relied upon in the complaint, and may also consider material subject to judicial notice. See Lee v. City of Los Angeles, 250 F.3d 668, 688-69 (9th Cir. 2001).

In addition, the court must generally accept as true all "well-pleaded factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009). The court must also construe the alleged facts in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988). However, "courts are not bound to accept as true a legal conclusion couched as a factual allegation." Id.

4

Case No.: 5:12-cv-05652-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE

### B. Motion to Strike

Under Federal Rule of Civil Procedure 12(f), the Court may strike from any pleading matters that are "redundant, immaterial, impertinent, or scandalous." Fed. R. Civ. P. 12(f). However, because such motions are disfavored, a motion to strike will generally not be granted unless it is clear the matter to be stricken could not have any possible bearing on the subject matter of the litigation. See RDF Media Ltd. v. Fox Broad. Co., 372 F. Supp. 2d 556, 566 (C.D. Cal. 2005); see also LeDuc v. Ky. Cent. Life Ins. Co., 814 F.Supp. 820, 830 (N.D. Cal. 1992). When a court considers a motion to strike, it "must view the pleading in a light most favorable to the pleading party." In re 2TheMart.com, Inc. Sec Litig., 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000). A motion to strike should be denied if there is any doubt whether the allegations in the pleadings might be relevant in the action. Id.

## III. DISCUSSION

As before, Plaintiff's case has two "facets." The first is the "UCL unlawful" part, in which he alleges that Whole Foods' misbranded products "cannot be legally sold, possessed, have no economic value, and are legally worthless." The second is the "fraudulent" part, in which Plaintiff alleges the product labels are misleading, deceptive, unfair and fraudulent. Plaintiff asserts eight claims in the SAC based on these two theories: three for violation of the Unfair Competition Law ("UCL"), California Business and Professions Code § 17200 et seq., one under each "prong" of that law; two for violation of the False Advertising Law ("FAL"), California Business and Professions Code § 17500 et seq., one for "misleading and deceptive" and one for "untrue "advertising; and one each for violation of the Consumers Legal Remedies Act ("CLRA"), California Civil Code § 1750 et seq.; breach of implied warranty of merchantability; and negligent misrepresentation. Whole Foods moves to dismiss or strike all claims previously dismissed with leave to amend as well as those appearing for the first time in the SAC. These arguments are discussed below.

### A. The Federal and State Statutory Framework

The court begins with the relevant federal and state statutes. The Food, Drug, and

5

Case No.: 5:12-cv-05652-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE

Cosmetic Act ("FDCA"), 21 U.S.C. § 301 et seq., as amended by the Nutrition Labeling and Education Act of 1990, 21 U.S.C. § 343 et seq., establishes the conditions under which food is considered "misbranded." Generally, food is misbranded under 21 U.S.C. § 343(a)(1) if "its labeling is false or misleading in any particular." The California Sherman Food, Drug, and Cosmetic Law, Calfornia Health & Safety Code § 109875 et seq., incorporates into state law the requirements of the FDCA. It forms the basis of Plaintiff's instant claims under the UCL, CLRA and FAL.

The UCL prohibits business practices that are unlawful, unfair, or fraudulent. The "fraudulent" prong of the UCL "requires a showing [that] members of the public are likely to be deceived." Wang v. Massey Chevrolet, 97 Cal. App. 4th 856, 871 (2002). The "unlawful" prong "borrows violations of other laws and treats them as independently actionable." Daugherty v. Am. Honda Motor Co., Inc., 144 Cal. App. 4th 824, 837 (2006). As for the "unfair" prong, "California appellate courts disagree on how to define an 'unfair' act or practice in the context of a UCL consumer action." Morgan v. Wallaby Yogurt Co., Inc., No. 13-CV-00296-WHO, 2014 U.S. Dist. LEXIS 34548, *38, 2014 WL 1017879 (N.D. Cal. March 13, 2014) (citing Davis v. Ford Motor Credit Co., 179 Cal. App. 4th 581, 594 (2009)). Some courts have held that the "unfair" prong requires alleging a practice that "offends an established public policy or . . . is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers," and the policy must be "tethered to specific constitutional, statutory or regulatory provision." Bardin v. Daimlerchrysler Corp., 136 Cal. App. 4th 1255, 1263 (2006) (citations omitted). Other courts have held that the court must apply a balancing test that "weigh[s] the utility of the defendant's conduct against the gravity of the harm to the alleged victim." Schnall v. Hertz Corp., 78 Cal. App. 4th 1144, 1167 (2000).

Like the UCL, the CLRA prohibits "unfair methods of competition and unfair or deceptive acts or practices." Cal. Civ. Code § 1770. Commercial conduct that is "likely to mislead a reasonable consumer" violates the CLRA. Keegan v. Am. Honda Motor Co., Inc., 838 F. Supp.

6

Case No.: 5:12-cv-05652-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE

2d 929, 938 (C.D. Cal. 2012) (quoting Colgan v. Leatherman Tool Group, Inc., 135 Cal. App. 4th 663, 680 (2006)).

The FAL prohibits "unfair, deceptive, untrue, or misleading advertising." Cal. Bus. & Prof. Code § 17500.   The FAL and the UCL are related such that "'any violation of the false advertising law . . . necessarily violates' the UCL." Kasky v. Nike, Inc., 27 Cal. 4th 939, 950 (2002) (quoting Comm. on Children's Television, Inc. v. Gen. Foods Corp., 35 Cal. 3d 197, 210 (1983)).

To state a plausible claim under any of these consumer protection statutes, a plaintiff "must allege that Defendant's representations are likely to deceive a reasonable consumer." Red v. Kraft Foods, Inc., No. CV 10-1028-GW(AGRx), 2012 U.S. Dist. LEXIS 164461, at *6, 2012 WL 5502754 (C.D. Cal. Oct. 25, 2012) (citing Williams v. Gerber Prods. Co., 552 F.3d 934, 938 (9th Cir. 2008)).  Because such an inquiry is common to all three statutory schemes, courts often analyze them together.  See Elias v. Hewlett-Packard Co., 950 F. Supp. 2d 1123, 1132 (N.D. Cal. 2013).  The court does so here.

### B. The Motion to Dismiss

#### i. Strict Liability Theory

As noted, Plaintiff asserts a strict liability theory in SAC, primarily under the unlawful prong of the UCL.  See SAC, at ¶ 72 ("In short, Defendants' injury causing unlawful conduct is the only necessary element needed for UCL liability under the unlawful prong . . . . this claim does not sound in fraud; instead, it alleges strict liability . . . .").  To that end, he implies injury merely from the purchase of misbranded products, which he believes have "no economic value, and are legally worthless." Id. at ¶ 154.  Plaintiff further alleges he "would not have bought the products had he known the truth about them, including the fact that the products were illegal to purchase and possess." Id. at ¶ 152.

The court previously rejected the theory that a defendant's liability attaches under the UCL merely because its product label allegedly violates a law.  See Pratt v. Whole Foods Mkt. Cal.,

7

Case No.: 5:12-cv-05652-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE

Inc., No. 5:12-CV-05652-EJD, 2014 U.S. Dist. LEXIS 46409, *27, 2014 WL 1324288 (N.D. Cal. Mar. 31, 2014) ("Plaintiff cannot circumvent the reliance requirement by simply pointing to a regulation or code provision that was violated by the alleged label misrepresentation, summarily claiming that the product is illegal to sell and therefore negating the need to plead reliance."). It rejects it again here. At this point, it appears settled that a plaintiff must plead actual reliance under each prong of the UCL, including the unlawful prong. The California Supreme Court first established this concept with regard to UCL fraud theories in In re Tobacco II Cases, 46 Cal. 4th 298, 325-26 (2009). The court then explicitly extended it in Kwikset Corporation v. Superior Court, 51 Cal. 4th 310, 327 n. 9 (2011), to cases under the unlawful prong based on a defendant's alleged misrepresentations and deception. Although decided before Kwikset, the California Court of Appeal concisely distilled the issue in Durell v. Sharp Healthcare, 183 Cal. App. 4th 1350, 1363 (2010), by observing that "[a] consumer's burden of pleading causation in a UCL action should hinge on the nature of the alleged wrongdoing rather than the specific prong of the UCL the consumer invokes." Accord Hale v. Sharp Healthcare, 183 Cal. App. 4th 1373, 1385 (2010).

Notably, Plaintiff is also arguing against a developing body of cases to have squarely disagreed with his position. Courts that have addressed some form of a strict liability argument in the context of allegedly misbranded food products have required the plaintiff to plead actual reliance under the UCL's unlawful prong. See, e.g., Kane v. Chobani, Inc., No. 12-cv-02425-LHK, 2013 U.S. Dist. LEXIS 134385, at *33-34, 2013 WL 5289253 (N.D. Cal. Sept. 19, 2013) (Koh, J.) ("Plaintiffs' 'illegal product' theory would eviscerate the enhanced standing requirements imposed by Proposition 64 and the California Supreme Court's decision in Kwikset.); Brazil v. Dole Food Co., Inc., No. 12-cv-01831-LHK, 2013 U.S. Dist. LEXIS 136921, at *29-31, 2013 WL 5312418 (N.D. Cal. Sept. 23, 2013) (Koh, J.); Swearingen v. Amazon Pres. Partners, Inc., No. 13-cv-04402-WHO, 2014 U.S. Dist. LEXIS 36830, at *5-6, 2014 WL 1100944 (N.D. Cal. Mar. 18. 2014) (Orrick, J.); Victor v. R.C. Bigelow, Inc., No. 13-cv-02976-WHO, 2014 U.S. Dist. LEXIS 34550, at *21, 2014 WL 1028881 (N.D. Cal. Mar. 24, 2014) (Orrick, J.)

Case No.: 5:12-cv-05652-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE

("Because Victor's claims sound in fraud, he must plead actual reliance for all his causes of action, including his 'unlawful' claim."); Swearingen v. Pac. Foods of Oregon, Inc., No. 13-cv-04157-JD, 2014 U.S. Dist. LEXIS 105730, at *6, 2014 WL 3767052 (N.D. Cal. July 31, 2014) (Donato, J.) ("As in other very similar cases, plaintiffs here try to escape the reliance requirement by characterizing their claims as strict liability labeling violations. The Court finds that this argument is unavailing . . . .).

Without a doubt, Plaintiff's theory under the unlawful prong sounds in misrepresentation and deception. Indeed, it is based on the FDCA, a statutory scheme that prohibits fraudulent and misleading statements on food labels. See 21 U.S.C. § 343(a)(1). Therefore, he must plead actual reliance to have standing under the UCL. Kane, 2013 U.S. Dist. LEXIS 134385, at *19. Any theory which supposes otherwise must be dismissed.

Attempting to cast aside the requirement of pleading reliance, Plaintiff reformulates his allegations into a hybrid "duty to disclose/illegal product" theory based mainly on two paragraphs from his 236-paragraph SAC. He alleges that Whole Foods "had a duty to disclose the illegality of their misbranded products because (a) they had exclusive knowledge of material facts not known or reasonably accessible to the Plaintiff; and (b) [Whole Foods] actively concealed such material facts from the Plaintiff." See SAC, at ¶ 73. In other words, he seeks to replace alleged affirmative misrepresentations on the labels and instead claims reliance on what was not said; that the products were illegal to sell or possess. But apart from the convolutions that render this theory, as the Brazil court put it, "counterintuitive" and as pled here almost unintelligible,[3] the misdirection is unhelpful. This theory constitutes nothing more than "attempting to impose a requirement not identical to those imposed by federal law," and on that basis is expressly preempted by the FDCA. Brazil, 2013 U.S. Dist. LEXIS 136921, at *36. His citation to this court's decision in Khasin v. Hershey Co., No. 5:12-CV-01862 EJD, 2012 U.S. Dist. LEXIS

---

[3] "Plaintiff further relied upon the Defendants' implicit representation based on Defendant's material omission of material facts that these products were legal to sell or possess." See SAC, at ¶ 73.

9
Case No.: 5:12-cv-05652-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE

161300, 2012 WL 5471153 (N.D. Cal. No. 9, 2012), is misplaced since neither standing under the UCL nor preemption of an "illegality disclosure" duty are discussed there.

Since Plaintiff cannot rely on a theory of strict liability as a matter of law, any such claim will be dismissed without leave to amend. See Miller v. Rykoff-Sexton, 845 F.2d 209, 214 (9th Cir. 1988) ("A motion for leave to amend may be denied if it appears to be futile or legally insufficient.").

### ii. Plausibility

The court now examines whether Plaintiff has pled plausible claims based on the use of ECJ on the accused product labels. The court previously dismissed these claims based on the reasoning employed in two similar cases, Kane and Avoy v. Turtle Mountain, LLC, No. 13-CV-0236-LHK, 2014 U.S. Dist. LEXIS 19241, 2014 WL 587173 (N.D. Cal. Feb. 14, 2014). Whole Foods argues the allegations are still deficient under those cases. The court agrees.

As already suggested, "[t]o establish standing under the UCL, FAL, and CLRA a person must have 'suffered injury in fact and ha[ve] lost money or property as a result.'" Salazar v. Honest Tea, Inc., 74 F. Supp. 3d 1304, 1315 (E.D. Cal. 2014) (citing Cal. Bus. & Prof. Code §§ 17204, 17535; Cal. Civ. Code § 1780). Again, the plaintiff's reliance is a key inquiry. See Victor, 2014 U.S. Dist. LEXIS 34550, at *15-16. Reliance on alleged misrepresentations must have been reasonable. See Red, 2012 U.S. Dist. LEXIS 164461, at *6; see also Williams, 552 F.3d at 938 ("Under the reasonable consumer standard, Appellants must show that members of the public are likely to be deceived." (internal quotations omitted)). Whether a product label is deceptive so as to mislead a reasonable consumer is normally a question of fact incapable of resolution on a motion to dismiss. Williams, 552 F.3d at 938-39. However, in certain "rare" cases, lack of deception can be found as a matter of law. See id., at 939; see also, e.g., Williamson v. Apple, Inc., No. 5:11-cv-00377 EJD, 2012 U.S. Dist. LEXIS 125368, at *17-18, 2012 WL 3835104 (N.D. Cal. Sept. 2, 2012) (finding implausible as a matter of law plaintiff's theory that disregarded the "well-known fact of life that glass can break under impact.").

United States District Court
Northern District of California

10
Case No.: 5:12-cv-05652-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE

Plaintiff puts forth three somewhat irreconcilable reliance theories in the SAC. First, he alleges he was unaware that ECJ was a sweetener and therefore did not know that the chicken broth, ketchup and instant oatmeal contained any added sugar. Second, Plaintiff contends he believed ECJ was actually a healthy ingredient because the "j" stands for juice. Third, Plaintiff states he knew ECJ was a sweetener but thought it was some type of healthy unrefined sugar.

None of these theories are well-pled or plausible under the "reasonable consumer" test. As a threshold matter, the court need not accept as true the allegations that Plaintiff, on the one hand, did not know what ECJ was, and on the other, knew it was some type of sugar. Plaintiff alleges he progressively "did not realize" that ECJ was "1) sugar or a syrup; 2) a form of added sugar; 3) a refined sugar or 4) not a juice." See SAC, at ¶ 101. But in reality, it makes no sense that Plaintiff, a self-styled "health conscious consumer who wished to avoid 'added sugars'" (Id. at ¶ 76), would have purchased any of the accused products because he was unaware that ECJ is a refined sugar, as opposed to some other type of sugar. That allegation assumes Plaintiff knew ECJ was a form of sugar, and directly contradicts the representations that precede it as well as his overall statement of the case. Added unrefined sugar is added sugar, no matter how Plaintiff tries to spin it.

The court also rejects the theory based on Plaintiff's lack of knowledge that ECJ was a sweetener. As the Kane court reasoned, Plaintiff must allege what he believed ECJ to be if not a sweetener for that theory to be plausible. Without that allegation, Plaintiff cannot reasonably state that he relied on the ECJ statement. And though he does not explicitly allege it, it simply cannot be that Plaintiff thought ECJ referred to bamboo cane, sorghum cane, corn or cane berries as used on labels for chicken broth, ketchup, and instant oatmeal. See Levitt v. Yelp! Inc., 765 F.3d 1123, 1135 (9th Cir. 2014) ("In all cases, evaluating a complaint's plausibility is a 'context-specific' endeavor that requires courts to 'draw on . . . judicial experience and common sense.'"). Such an allegation suspends reality too thin.

Similarly, it is implausible that Plaintiff believed ECJ was something healthy merely because it contains the word "juice" in its name. Again, his own pleading demonstrates why this

11
Case No.: 5:12-cv-05652-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE

1   is so.  An sugar conscious consumer like Plaintiff would not have been misled by the inclusion of
2   the word "juice" on the label because it is a word used to describe another popular and widely-
3   recognized form of added sugar, namely "fruit juice concentrate."  The SAC reiterates that point in
4   several areas.  Plaintiff cannot purport to be looking for sugar in ingredient lists but at the same
5   time feign ignorance of common phrases that refer to sugar.  Thus, in this context, "juice" does not
6   impart a misrepresentation of healthiness to the reasonable consumer.

Plaintiff's arguments made in an effort to save his ECJ claims are unpersuasive.  Although he is correct that actual reliance must be shown for standing under Article III of the Constitution, that reliance must nonetheless have been reasonable, as explained in Williams, and sufficiently pled under Rule 8.  Similarly, the court cannot presume reliance when the underlying theories of liability are implausible, as they are here.

In sum, Plaintiff's ECJ claims have not been cured in the SAC.  They will also be dismissed without leave to amend since allowing for further amendment at this point would be futile.  See Miller, 845 F.2d at 214.

### iii.   The New Claims

Plaintiff originally asserted claims under the UCL, FAL, CLRA, and for unjust enrichment based on the inclusion of ECJ and "natural" on Whole Foods' product labels.  In ruling on the ensuing motion to dismiss, the court found Plaintiff's "natural" claims sufficiently pled but dismissed with leave to amend all ECJ claims along with the claim for unjust enrichment.  Whole Foods argues that Plaintiff's new claims for breach of the implied warranty of merchantability and negligent misrepresentation exceed the scope of the court's leave.  Whole Foods is correct.

The two new claims, appearing for the first time in the SAC, are subject to dismissal because they were pled without an appropriate stipulation or leave of court.  The court did not permit Plaintiff to include any new claims in the prior dismissal order, and Federal Rule of Civil Procedure 15 prohibited him from doing so on his own volition.  Under Rule 15(a)(1), a party "may amend its pleading once as a matter of course" within 21 days after that pleading is served,

United States District Court
Northern District of California

or 21 days after service of a responsive pleading or motion under Rule 12. "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

Here, Whole Foods filed a motion to dismiss the Amended Complaint on July 15, 2013, and Plaintiff's ability to amend as a matter of course expired 21 days later pursuant to Rule 15(a)(1)(B). Amending the complaint to add two new claims in April, 2014, was in contravention of Rule 15. Contrary to Plaintiff's characterization, the court's instruction on leave to amend was not broad; it was specific as to scope and it did not include permission to assert new claims in a subsequent pleading. Moreover, such permission should not be presumed from an order granting a motion to dismiss with leave to amend, given the carefully-crafted language of Rule 15(a)(2) precludes "in all other cases" voluntary amendments after expiration of the permissive Rule 15(a)(1) window. Indeed, pleadings would never be settled and cases would never progress if a plaintiff could independently add brand new claims each time a motion to dismiss was granted.

Because Plaintiff did not comply with Rule 15 before asserting them, the claims for breach of the implied warranty of merchantability and negligent misrepresentation must be dismissed without leave to amend.

### C. The Motion to Strike

Whole Foods moves to strike several portions of the SAC. That particular motion is moot as to the claims for breach of the implied warranty of merchantability and negligent misrepresentation as those two claims will be dismissed. It is also moot as to any allegations which imply liability on an "illegal to possess" theory since those claims will be dismissed based on the discussion above.

As to the other requests, Plaintiff essentially admits that the reference to "Substantially Similar Products" in paragraph 156 of the SAC was an error, and the court will strike the reference on that ground. Plaintiff also concedes he has abandoned claims based on carbon dioxide and black carrot juice, which allegations will also be stricken. Footnote 3 will be stricken as

13
Case No.: 5:12-cv-05652-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE

impertinent since it appears to apply a strict liability theory to Plaintiff's "natural" claims.

However, the allegation that Plaintiff relied on "the representation that products were free from artificial colors, flavors or preservatives" in paragraph 160 will not be stricken since it does appear related to Plaintiff's "natural" claims, and cannot be determined immaterial and impertinent at this time.

## IV.    ORDER

Based on the foregoing, Defendant's Motion to Dismiss and Motion to Strike (Docket Item No. 54) is GRANTED IN PART and DENIED IN PART.

The Motion to Dismiss is GRANTED as to (1) all claims based on a theory of strict liability, (2) all ECJ claims, and (3) the claims for implied warranty of merchantability and negligent misrepresentation. All such claims are DISMISSED WITHOUT LEAVE TO AMEND.

The Motion to Strike is GRANTED IN PART and DENIED IN PART, consistent with the discussion above.

The court schedules this case for a Case Management Conference for **10:00 a.m. on November 19, 2015**. The parties shall file a Joint Case Management Conference Statement on or before **November 12, 2015**.

**IT IS SO ORDERED.**

Dated:  September 30, 2015



EDWARD J. DAVILA
United States District Judge

14
Case No.: 5:12-cv-05652-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE