UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JEFF MAINS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WHOLE FOODS MARKET, INC., et al.,<br><br>Defendants. | Case No. 5:12-cv-05652-EJD<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO STAY**<br><br>Re: Dkt. No. 67 |

The present action is one of many filed in this district alleging mislabeled food. In this particular case, former representative Plaintiff Robert Pratt ("Pratt")[1] contends that Defendants Whole Foods Market California, Inc., WFM-WO, Inc., WFM Private Label, LP, and Mrs. Gooch's Natural Foods Markets, Inc. (collectively, "Whole Foods") misused the terms "evaporated cane juice," "all natural" and "naturale" on several of its products. Under the current case schedule, the parties are in the process of completing discovery, and a motion for class certification is due in January, 2017.

Pratt now moves for a stay of this case while three other similar cases - <u>Brazil v. Dole Food Company, Inc.</u>, <u>Jones v. ConAgra Foods, Inc.</u> and <u>Kosta v. Del Monte Foods, Inc.</u> - make their way through the Ninth Circuit of Appeals. Dkt. No. 67. Whole Foods opposes the motion.

This matter is suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b). Having carefully considered the parties' arguments, the court finds, concludes and orders as follows:

1. The district court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." <u>Landis v. N. Am. Co.</u>, 299 U.S. 248, 254 (1936).

---

[1] Pratt has since been replaced by Jeff Mains. Dkt. No. 73.

1
Case No.: 5:12-cv-05652-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO STAY

1  Using this power, one case may be stayed in favor of another. Leyva v. Certified Grocers of Cal.,
2  Ltd., 593 F.2d 857, 863-64 (9th Cir. 1997) ("A trial court may, with propriety, find it is efficient
3  for its own docket and the fairest course for the parties to enter a stay of an action before it,
4  pending resolution of independent proceedings which bear upon the case. This rule applies
5  whether the separate proceedings are judicial, administrative, or arbitral in character, and does not
6  require that the issues in such proceedings are necessarily controlling of the action before the
7  court.").

   2. In order to determine whether a Landis stay should be implemented, various interests must be considered: (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962) (citing Landis, 299 U.S. at 254-55). Whether to grant a stay request is a matter entrusted to the discretion of the district court. See Landis, 299 U.S. at 254 ("How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.").

   3. When weighing the relevant interests, the court must be mindful that "if there is even a fair possibility that the stay for which he prays will work damage to someone else," the moving party "must make out a clear case of hardship or inequity in being required to go forward." Id. at 255. Indeed, "[o]nly in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." Id. Moreover, the moving party must cite to something more than the intrinsic inconvenience arising from involvement in litigation to successfully obtain a Landis stay. See Lockyer v. Mirant Corp., 398 F.3d 1098, 1112 (9th Cir. 2005) ("[B]eing required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of Landis.").

   4. Here, it is undeniable that this case shares several issues common to the three cases

on which Pratt has based his stay motion.  In Brazil, on appeal is the district court's order granting the defendant's motion for summary judgment as to claims based on use of the phrase "All Natural Fruit."  In Jones, the plaintiffs appealed from the district court's order denying their motion for class certification, the court having determined that the plaintiffs failed to adequately establish predominance under Federal Rule of Civil Procedure 23(b)(3), and failed to establish a viable damages theory.  The district court also denied class certification in Kosta for similar reasons, a decision from which the plaintiffs appealed.

5. For that reason, and as other district courts have found in similar cases, the Ninth Circuit's decision with respect to the use of "all natural" on food labels in Brazil,[2] as well as its opinions concerning the class certification and damages issues raised in Jones and Kosta, could significantly inform the parties' discovery efforts in this case, if not completely resolve certain overlapping matters and render further litigation unnecessary.  See, e.g., Leonhart v. Nature's Path Foods, Inc., No.13-cv-00492-BLF, 2015 U.S. Dist. LEXIS 73269, at *11, 2015 WL 3548212 (N.D. Cal. June 5, 2015).  The potential efficiency and time-savings that would result weighs heavily in favor of a stay, even if class certification deadlines are not imminent.  See Travelers Casualty & Surety Co. of Am. v. Pengilly Robbins Slater Law Firm, No. 2:13-cv-01121-JCM-CWH, 2014 U.S. Dist. LEXIS 21125, at *6 (D. Nev. Feb. 19, 2014) ("[A] stay may be appropriate if resolution of issues in another proceeding would assist in resolving the proceeding sought to be stayed" and "a stay may be appropriate for docket efficiency and fairness to the parties pending resolution of independent proceedings that may bear upon the case sought to be stayed.").

6. As to the damage and hardship factors, Pratt argues the parties would save considerable resources by staying the case through the appellate outcomes in Brazil, Jones and Kosta.  Whole Foods does not convincingly argue otherwise, and instead focuses on its plan to file

---

[2] Notably, the Ninth Circuit recently issued an opinion in Kane v. Chobani, LLC, No. 14-15670, 2016 U.S. App. LEXIS 5517, 2016 WL 1161782 (9th Cir. Mar. 24, 2016), in which it directed the district court to stay the plaintiff's "natural" and "evaporated can juice" claims under the primary jurisdiction doctrine pending resolution of the Federal Drug Administration's proceedings concerning the use of those terms on food labels.  Aside from a stay under Landis, Kane provides another basis to stay this case since it involves similar allegations.

a motion for summary judgment before class certification. But direction from the Ninth Circuit could also assist with summary judgment since some issues, especially those with regard to damages, could be resolved in advance of additional litigation on those topics. Additionally, nothing about this case or an ensuing motion for summary judgment makes it time-sensitive; the motion can certainly wait for clarification from the Ninth Circuit. Thus, because a stay of this case does not cause damages or hardship to any party, these factors also weigh in favor of Pratt's request.

7. In its opposition, Whole Foods argues the appeals in Brazil, Jones and Kosta may not be resolved within a reasonable period of time. The court recognizes this concern. Leyva, 593 F.2d at 864. However, there is no reason to believe the Ninth Circuit would not process the appeals in a timely fashion, such that any delay would not be an unreasonable one. Accordingly, the court rejects this argument as unpersuasive.

On balance, the relevant Landis factors support the abatement of this case. On that basis, Pratt's motion to stay (Dkt. No. 67) is GRANTED. This action is STAYED in its entirety pending the Ninth Circuit's resolution of appeals in Brazil v. Dole Food Company, Inc., No. 14-17480, Jones v. ConAgra Foods, Inc., No. 14-16327, and Kosta v. Del Monte Foods, Inc., No. 15-16974.

Within 10 days of the filing of the Ninth Circuit's opinion in the last of these three cases, the parties shall file a Joint Notice informing the court of such development and shall request that this matter be reopened and that a Case Management Conference be scheduled.

All other pending deadlines and hearings are VACATED. The Clerk shall administratively close this file.

**IT IS SO ORDERED.**

Dated: April 18, 2016

_____
EDWARD J. DAVILA
United States District Judge

Case No.: 5:12-cv-05652-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO STAY